UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Fish,

       Plaintiff,

v.                                 Case No. 08-12480

Home Depot USA, Incorporated,      Honorable Sean F. Cox

       Defendant.

_____/

**OPINION & ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff rented an extension ladder from Defendant and alleges that he fell from that ladder on October 29, 2007, and suffered injuries. Plaintiff then filed this action against Defendant, asserting negligence, breach of implied warranty and Michigan Consumer Protection Act claims. The matter is currently before the Court on Defendant's Motion for Summary Judgment. The parties have briefed the issues and the Court heard oral argument on October 22, 2009. For the reasons that follow, the Court shall GRANT the motion.

BACKGROUND

Plaintiff James Fish ("Plaintiff" or "Fish") filed this action against Defendant Home Depot USA, Inc. ("Defendant" or "Home Depot") on June 10, 2008. Plaintiff's complaint alleges that Plaintiff rented a 28-foot extension ladder from Home Depot on October 28, 2007, that the ladder was defective when he rented it, and that he fell from the ladder on October 29, 2007, suffering a trimalleolar fracture of his right ankle requiring surgery. Plaintiff's complaint asserts the following three counts:

- <u>Negligence (Count I)</u>: wherein Plaintiff alleges that Defendant breached its duties to him by not inspecting the Ladder to identify the defect and by "[l]easing a defective ladder with a bent foot."  (Compl. at ¶ 14).

- <u>Breach of Implied Warranty (Count II)</u>: wherein Plaintiff alleges that the Ladder "was not reasonably fit for the uses or purposes anticipated or reasonably foreseen by Defendant Home Depot when it left Defendant Home Depot's control" and that Plaintiff was injured as "a proximate result of Defendant Home Depot's breach of implied warranty."  (Compl. at ¶¶ 18-19).

- <u>Violation of the Michigan Consumer Protection Act (Count III)</u>: wherein Plaintiff alleges that "Defendant Home Depot violated the Michigan Consumer Protection Act by representing the ladder which Plaintiff leased had characteristics and benefits which it did not have, specifically that it would not slide while a person was on it.  MCL 445.903(1)(c)."  (Compl. at ¶ 23).

Defendant filed this Motion for Summary Judgment on August 7, 2009.

This Court's practice guidelines for motions for summary judgment are contained in the

Scheduling Order and provide, in pertinent part, that:

> a.  The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute.  The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b.  In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts.  The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record.  The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c.  All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Docket Entry No. 11).

Both parties complied with the Court's practice guidelines for motions for summary

judgment to the extent that: 1) along with Defendant's motion and supporting brief it filed

Defendant's Statement of Material Facts Not in Dispute ("Def.'s Stmt.") and 2) along with

Plaintiff's Response, Plaintiff filed Plaintiff's Response to Defendant's Statement of Material

Facts Not in Dispute" ("Pl.'s Stmt.").

The following material facts are gleaned from the parties' statements and the evidence

submitted by the parties.

Prior to renting the Ladder at issue in this case, Plaintiff had rented equipment five to ten

times at the Howell, Michigan Home Depot location and had also rented equipment at other

Home Depot stores in Royal Oak, Madison Heights and Southfield, Michigan.  (Pl.'s Dep. at 21-

22).

Plaintiff rented a 28-foot aluminum extension ladder ("the Ladder") from the Home

Depot store in Howell, Michigan on October 28, 2007.  (Def.'s Stmt. at ¶ 1; Pl.'s Stmt. at ¶ 1).

Plaintiff was provided a Rental Agreement with written Terms and Conditions when he

rented the Ladder.  (Def.'s Stmt. at ¶ 10; Pl.'s Stmt. at ¶ 10).  Plaintiff signed both the Rental

Agreement and an Inspection Tag for the Ladder.  (Def.'s Stmt. at ¶ 2; Pl.'s Stmt. at ¶ 2).

The Inspection Tag that Plaintiff signed stated, "By signing this I accept this equipment

in its present condition."  (Exs. 5 & 7 to Def.'s Motion).

The Rental Agreement that Plaintiff signed states as follows directly above Plaintiff's

signature:

> I understand and agree that no representative of THE HOME DEPOT is
> authorized to make any order or written promise, affirmation, warranty or
> representation to me other than those reflected in writing to this agreement.  I
> acknowledge that I have received the above-listed Equipment and that **I agree to
> the terms and conditions printed on this page and on the other page(s) of this
> agreement.**  I understand and agree that this agreement cannot be modified,
> amended, rescinded or otherwise changed except by a writing signed by THE
> HOME DEPOT and me, and that I have read and understand the provision

regarding modification of the agreement.

(Ex. 3 to Def.'s Motion) (emphasis added).  The Rental Agreement's Terms and Conditions

state, in pertinent part, as follows:

> **1.  NO TRANSFER OR WARRANTIES**. . . No warranties, expressed or implied, including, without limitation, durability, fitness for a particular purpose, merchantability, or condition have been made by Home Depot.  I am renting the equipment "as is".  Home Depot shall not be responsible for any loss, damage or injury to persons or property caused by the equipment.  In no event shall Home Depot be liable to me for indirect, consequential or special damages, including lost use, revenue or profits.

> **2.  INDEMNIFICATION**.  I agree to Indemnify and hold Home Depot, its officers, agents and employees harmless from and against all liabilities, claims, actions, proceedings, damages, losses, costs and expenses, including attorneys' fees, for all injuries or death of any person, or damage to any property occurring or arising from or connected with, my possession, use and return of the Equipment.

> . . . .

> **6.  CONDITION**.  I acknowledge that I have examined the Equipment, seen it in operation (if appropriate) and that its condition is acceptable. . .

(Ex. 4 to Def.'s Br.) (Capitalization and bolding in original).

Plaintiff believed the Ladder was in a good, safe condition to use when he rented it on

October 28, 2007.  (Def.'s Stmt. at ¶ 5; Pl.'s Stmt. at ¶ 5).

Plaintiff did not experience any problems with the functioning of the Ladder when he

used it on October 28, 2007.  (Def.'s Stmt. at ¶ 6; Pl.'s Stmt. at ¶ 6).  On October 28, 2007,

Plaintiff used the Ladder on the patio surface without experiencing any problems or noticing any

sensation of the feet slipping while they rested on the patio surface.  (Def.'s Stmt. at ¶ 7; Pl.'s

Stmt. at ¶ 7).

When the alleged incident occurred on October 29, 2007, the feet of the Ladder were

resting on the same patio surface that was used on October 28, 2007.  (Def.'s Stmt. at ¶ 8; Pl.'s

Stmt. at ¶ 8).

      The parties agree that the Ladder, as designed and manufactured, complied with ANSI,

was safe for foreseeable uses, and that there is nothing wrong with the Ladder as designed or

manufactured.  (Def.'s Stmt. at ¶¶ 3 & 9; Pl.'s Stmt. at ¶¶ 3 & 9).

Standard Of Decision:

      Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  FED. R. CIV. P. 56 (c).  The party seeking summary judgment has the initial

burden of informing the court of the basis for its motion and identifying those portions of the

pleadings, depositions, answers to interrogatories, and admission on file together with the

affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex

v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party who "must

set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

ANALYSIS

I.     <u>Is Home Depot Entitled To Summary Judgment With Respect To Plaintiff's Breach Of
Implied Warranty Claim?</u>

      Defendant contends that it is entitled to summary judgment with respect to Count II,

Plaintiff's Breach of Implied Warranty claim, because: 1) Plaintiff testified that no

representatives of Home Depot made any kind of representations about the slipping

characteristics of the Ladder to him when he rented it (Pl.'s Dep. at 76); and 2) the written Terms

5

and Conditions that Plaintiff agreed to when he signed the Rental Agreement expressly

disclaimed any warranties with respect to the Ladder.

In response, Plaintiff claims that Defendant's warranty disclaimer is ineffective because,

contrary to M.C.L. § 440.2316(2) and M.C.L. 445.903(1)(p),[1] the provision disclaiming

warranties is not conspicuous.  Plaintiff asserts that the warranty disclaimer here is not

conspicuous because "the pivotal language is 1/8th tall, not in bold letters, not in a separate

color."  (Pl.'s Resp. at 11).  Plaintiff relies on *Latimer v. William Mueller & Son, Inc.*, 149

Mich.App. 620 (1986) to support his position that the disclaimer is not conspicuous.  Plaintiff

also asserts that the warranty disclaimer is ineffective because it violates M.C.L. § 445.903(1)(t)

because "Plaintiff did not specifically consent to waive any of his rights."  (Pl.'s Br. at 10).

In its Reply Brief, Defendant asserts that Michigan's Uniform Commercial Code,

including § 440.2316(2), does not apply here because this was not a contract for the sale of

goods, but rather was a rental agreement.  Plaintiff relies on an unpublished decision,

*Khanolkarr v. Lakeside Bike Rental, Inc.*, 2006 WL 708146 (Mich.App. 2006), to support its

position that the conspicuity requirement contained in Michigan's UCC does not apply to rental

transactions.

    A.      Does § 440.2316(2) Apply To The Rental Transaction In This Case?

---

[1]Plaintiff's complaint only asserts that Defendant violated the MCPA " by representing the ladder which Plaintiff leased had characteristics and benefits which it did not have, specifically that it would not slide while a person was on it [in violation of] MCL 445.903(1)(c)."  (Compl. at ¶ 23).  Nevertheless, Plaintiff's response asserts that the warranty disclaimer violates M.C.L. § 445.903(1)(p), which provides that the following is an unfair practice: "Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed."

The conspicuity requirement contained in Michigan's UCC, § 440.2316(2), provides as

follows:

> (2) Subject to subsection (3), to exclude or modify the implied warranty of
> merchantability or any part of it the language must mention merchantability and
> in case of a writing must be conspicuous, and to exclude or modify any implied
> warranty of fitness the exclusion must be by a writing and conspicuous.
> Language to exclude all implied warranties of fitness is sufficient if its states, for
> example, that "There are no warranties which extend beyond the description on
> the face hereof."

M.C.L. § 440.2316(2).  Subsection (3)(a) provides:

> (a) unless the circumstances indicate otherwise, all implied warranties are
> excluded by expressions like "as is," "with all faults" or other language which in
> common understanding calls the buyer's attention to the exclusion of warranties
> and makes plain that there is no implied warranty.

M.C.L. § 440.2316(3)(a).

Relying on *Khanolkarr v. Lakeside Bike Rental, Inc*., 2006 WL 708146 (Mich.App.

2006), Defendant contends that the above provisions do not apply to this rental transaction.  In

that case, the court stated:

> Finally, plaintiff argues that we should apply to defendants' waiver the
> "conspicuity" requirement contained in § 2-316(2) of Michigan's Uniform
> Commercial Code, MCL 440.2101 et seq.  However, Article 2 of the UCC applies
> only to contracts for the sale of goods, MCL 440.2102; 440.2106(1), and
> therefore does not apply to the bicycle rental transaction at issue in this case.

*Id*. at *2.

Another decision, however, appears to indicate that M.C.L. § 440.2316(2) should be

considered in evaluating a warranty disclaimer in a rental agreement.  In *Michigan Mutual

Liability Ins. Co. v. Fruehauf Corp*., 63 Mich.App. 109 (1975), the court stated:

> As to rental property, *Jones v. Keetch*, supra, not statute, establishes the law of
> implied warranties.  Nevertheless, the statutory guidelines for evaluating
> disclaimers of implied warranties in sales are appropriate and reasonable in

assessing those in rental agreements.

*Id*. at 117.

Given this apparently conflicting authority, the Court will assume *arguendo* that M.C.L.

§ 440.2316(2) applies to the rental agreement in this case and determine whether the disclaimer

here was conspicuous.

> B.   Assuming *Arguendo* That A Conspicuity Requirement Exists Here, Was The
>      Warranty Disclaimer Conspicuous?

Michigan's UCC, at § 440.1201(10), provides the following definition for its use of the

word "conspicuous:"

> (10) "Conspicuous": A term or clause is conspicuous when it is so written that a
> reasonable person against whom it is to operate ought to have noticed it.  **A
> printed heading in capitals** (as:  non-negotiable bill of lading) **is conspicuous**.
> Language in the body of a form is "conspicuous" if it is larger or other contrasting
> type or color.  But in a telegram any stated term is "conspicuous".  **Whether a
> term or clause is "conspicuous" or not is for decision by the court.**

M.C.L. § 440.1201(10) (emphasis added).  Moreover, "Official Comment 1 indicates that there

may be situations in which a warranty disclaimer will be enforced notwithstanding the lack of

conspicuous language as defined in § 1-201(10).  Specifically, the comment provides that §2-316

permits the exclusion of implied warranties 'only by conspicuous language or other

circumstances which protect the buyer from surprise.'" *Lumber Mutual Insurance Co. v.*

*Clarklift of Detroit, Inc*., 224 Mich.App. 737, 742 (1997).  "Thus, in determining as a matter of

law the effectiveness of a warranty disclaimer," the "primary focus is on whether a reasonable

person ought to have noticed it, taking into account the guideline language of § 1-201(10), as

well as any other circumstances that protect the buyer from surprise." *Id*.

For the reasons below, the Court concludes that the warranty disclaimer here was

sufficiently conspicuous that a reasonable person would have noticed it.

The case that Plaintiff relies on, *Latimer v. William Mueller & Son, Inc*., 149 Mich.App. 620 (1986), can be readily distinguished from this case.  In *Latimer*, the plaintiff asserted a breach of warranty claim based on allegedly defective bean seed.  The court found that the disclaimer was not conspicuous where the warranty disclaimer was attached to the bags of seed by a tag.  On that tag, the word "warranty" appeared in capital letters, and then the body of that paragraph contained language disclaiming warranties in regular print.  In ruling that the disclaimer was not conspicuous, the court explained that "the tag was insufficiently conspicuous because the heading 'warranty' suggests that warranties were included rather than excluded and because the disclaiming language on the tag was the least conspicuous writing attached to the bag."  *Id*. at 636.

The disclaimer in this case is located in the very first paragraph of the Rental Agreement's Terms and Conditions, not buried in the document.  Moreover, the disclaimer is located under a section clearly marked in a heading in all capital letters stating, "NO TRANSFER OR WARRANTIES."  (Ex. 4 to Def.'s Br.).   A printed heading in capitals is conspicuous.  M.C.L. § 440.1201(10).  In addition, the heading is in bold print and the body of the paragraph that follows that NO WARRANTIES heading further explains, "No warranties, expressed or implied, including, without limitation, durability, fitness for a particular purpose, merchantability, or condition have been made by Home Depot.  I am renting the equipment "as is".  Home Depot shall not be responsible for any loss, damage or injury to persons or property caused by the equipment.  In no event shall Home Depot be liable to me for indirect, consequential or special damages, including lost use, revenue or profits."  (*Id*.).

Thus, unlike the "WARRANTIES" heading in *Latimer* that suggested warranties were included, the heading here stated "NO TRANSFER OR WARRANTIES," indicating that warranties are excluded.

At the time he rented the Ladder, Plaintiff also signed an inspection tag for the Ladder that stated, "By signing this I accept this equipment in its present condition." (Exs. 5 & 7 to Def.'s Motion).

Finally, this was not the first time that Plaintiff had leased equipment from Home Depot and had been provided, and agreed to, those written Terms and Conditions. Plaintiff testified that, prior to renting the Ladder at issue in this case, he had rented equipment five to ten times at the Howell, Michigan location and had also rented equipment at other Home Depot locations in Royal Oak, Madison Heights and Southfield, Michigan. (Pl.'s Dep. at 21-22).

Thus, for all of these reasons, the Court concludes that the disclaimer was conspicuous because a reasonable person ought to have noticed it. *See e.g., Davis v. LaFontaine Motors, Inc*. 271 Mich.App. 68, 77 (2006); *Coursey v. Caterpiller, Inc*., 64 F.3d 662, 1995 WL 492923 (Mich.App. 1995); *Lumber Mutual Ins. Co., supra.*

C.      Does The Warranty Disclaimer Violate M.C.L. § 445.903(1)(t)?

In responding to Defendant's request for summary judgment, Plaintiff also asserts that the warranty disclaimer is ineffective because it violates M.C.L. § 445.903(1)(t) because "Plaintiff did not specifically consent to waive any of his rights." (Pl.'s Br. at 10). Plaintiff asserts that he did not "specifically consent" to it, or the indemnification provision, as required to remove a waiver of legal rights from the definition of an unfair or deceptive trade practice under §903(1)(t), because he did not sign or initial next to the paragraphs in question. (Pl.'s Br. at 7)

("Plaintiff did not sign and/or acknowledge paragraphs 1 and 2 on the separate page of the Rental Agreement."). Plaintiff does not cite authority to support his assertion that a contract provision must be separately signed or initialed by a consumer in order to have been "specifically consented to" for purposes of M.C.L. § 445.903(1)(t).

Moreover, the Michigan Court of Appeals appears to have already rejected that position, albeit in an unpublished decision. In *Dean v. Haman*, 2006 WL 1330325 (Mich.App. 2006), the plaintiffs asserted breach of contract and MCPA claims based upon a written home inspection contract that they entered into with the defendants. The plaintiffs asserted that the contract violated M.C.L. § 445.903(1)(t), claiming "that the provision is not 'clearly stated' in the contract, and that they did not 'specifically consent' to it, as required to remove a waiver of legal rights from the definition of an unfair or deceptive trade practice under § 903(1)(t)." *Id.* at *3. The plaintiffs based their § 903(1)(t) claim on the fact that the provision in question was "not set apart from the rest of the inspection contract terms, and there was not a separate place in which plaintiffs were required to initial that provision." *Id.* The Michigan Court of Appeals rejected that position, explaining that "no authority requires such mechanisms in order for a consumer to have 'specifically consented' to a waiver of rights under § 903(1)(t)." *Id.* Because the plaintiffs signed the contract, the court found that they specifically consented to its terms for purposes of the MCPA.

Here, it is undisputed that Plaintiff signed the Rental Agreement and agreed to its written Terms and Conditions and Plaintiff does not allege fraud, coercion or mistake in his execution of the contract. Thus, under *Dean v. Haman*, Plaintiff specifically consented to the paragraphs in question for purposes of the MCPA.

The Court shall therefore grant summary judgment in favor of Defendant with respect to Count II.

II.     Is Home Depot Entitled To Summary Judgment With Respect To Plaintiff's MCPA Claim?

Count III of Plaintiff's complaint alleges that Home Depot violated Michigan's Consumer Protection Act, M.C.L. § 445.903(1)(c), by "representing the ladder which Plaintiff leased had characteristics and benefits which it did not have, specifically that it would not slide while a person was on it."  (Compl. at 4).

In seeking summary judgment as to this Count, Home Depot asserts that it rented the ladder "as is" and disclaimed all warranties.  It also asserts that Plaintiff's claim that Home Depot violated the MCPA by representing that it would not slide is contrary to Plaintiff's own deposition testimony, wherein he testified that no such representations were made:

> Q.     Did anybody at Home Depot, when you were renting the ladder, make any kind of representations about the slipping characteristics of the ladder?
>
> A.     No.

(Pl.'s Dep. at 76).

In responding to Defendant's Motion for Summary Judgment, Plaintiff makes the same arguments made in response to the breach of warranty claim (i.e., that the disclaimer is ineffective because it is not conspicuous and because he did not specifically consent to the provision by signing or initialing next to it).  For the reasons above, the Court rejects those arguments and concludes that the warranty disclaimer is effective.  The Court shall therefore grant summary judgment in favor of Defendants with respect to Count III.

III.    Is Home Depot Entitled To Summary Judgment With Respect To Plaintiff's Negligence Claim?

12

Defendant asserts that it is entitled summary judgment with respect to Plaintiff's

negligence claim because Plaintiff agreed to indemnify and hold Defendant harmless for all

injuries occurring or arising from possession and use of the Ladder.[2]

In response, Plaintiff asserts that the indemnification provision is invalid because it does

not comply with the MCPA.  (Pl.'s Br. at 10).  Specifically, Plaintiff contends that the

indemnification provision violates M.C.L. § 445.903(1)(t), which provides that the following is

an unfair practice:

> (t)      Entering into a consumer transaction in which the consumer waives or
>          purports to waive a right, benefit, or immunity provided by law, unless the
>          waiver is clearly stated and the consumer has specifically consented to it.

Plaintiff appears to assert that the indemnification provision was not "clearly stated"[3]

because the language in that provision is not in a distinct color and is not in bold.  Plaintiff has

not offered any authority to support that argument.

The court in *Dean v. Haman, supra*, found that a contract provision was "clearly stated,"

for purposes of § 445.903(1)(t), where it appeared within the body of the contract "in the same

---

[2]In the alternative, Defendant also contends that the negligence claim must be dismissed
because Plaintiff cannot establish proximate cause.  Given the Court's ruling on Defendant's
primary ground, however, the Court need not reach that alternative argument.

[3]In his brief, Plaintiff groups his arguments regarding the indemnification provision in
with his arguments regarding the warranty disclaimer.  The UCC and the MCPA both contain
specific sections requiring warranty disclaimers to be "conspicuous."  Plaintiff has not cited any
authority (either the UCC, the MCPA or otherwise) that requires indemnification provisions to
be "conspicuous."  Thus, the Court believes Plaintiff is asserting that the indemnification
provision violates § 903(1)(t) by not being "clearly stated." That said, even if a conspicuity
requirement applied to the indemnification provision, the Court would still conclude that it
would be satisfied here given that the "INDEMNIFICATION" heading is in bold and all capital
letters.

font size and style as the rest of the contract's terms."

Here, the indemnification provision is found in the second paragraph of the contract's Terms and Conditions, under a bolded heading, in all capital letters, stating "INDEMNIFICATION."  The body of the paragraph that follows that heading states: "I agree to Indemnify and hold Home Depot, its officers, agents and employees harmless from and against all liabilities, claims, actions, proceedings, damages, losses, costs and expenses, including attorneys' fees, for all injuries or death of any person, or damage to any property occurring or arising from or connected with, my possession, use and return of the Equipment."  Thus, the Court concludes that the indemnification provision was "clearly stated" for purposes of § 445.903(1)(t).

With respect to § 445.903(1)(t)'s requirement that the consumer "specifically consent" to it, Plaintiff again argues that was not met here because Plaintiff did not initial or sign separately next to the indemnification provision.  For the reasons above, that argument fails under *Dean v. Haman, supra.*

The Court shall therefore grant summary judgment in favor of Defendant with respect to Plaintiff's negligence claim.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

14

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager