UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Fish,

    Plaintiff,

v.                                    Case No. 08-12480

Home Depot USA, Incorporated,        Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff rented an extension ladder from Defendant and alleges that he fell from that ladder on October 29, 2007, and suffered injuries. Plaintiff then filed this action against Defendant, asserting negligence, breach of implied warranty and Michigan Consumer Protection Act claims. After the close of discovery, Defendant filed a Motion for Summary Judgment, which this Court granted in an Opinion & Order dated October 28, 2009. The matter is currently before the Court on Plaintiff's Motion for Reconsideration. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, Plaintiff's Motion for Reconsideration shall be DENIED.

BACKGROUND[1]

Plaintiff James Fish ("Plaintiff" or "Fish") filed this action against Defendant Home Depot USA, Inc. ("Defendant" or "Home Depot") on June 10, 2008. Plaintiff's complaint alleges the following three counts: 1) Negligence (Count I), wherein Plaintiff alleges that Defendant breached its duties to him by not inspecting the Ladder to identify the defect and by leasing a defective ladder with a bent foot; 2) Breach of Implied Warranty (Count II), wherein Plaintiff alleges that the Ladder "was not reasonably fit for the uses or purposes anticipated or reasonably foreseen by Defendant Home Depot when it left Defendant Home Depot's control"; and 3) Violation of the Michigan Consumer Protection Act (Count III): wherein Plaintiff alleges that "Defendant Home Depot violated the Michigan Consumer Protection Act by representing the ladder which Plaintiff leased had characteristics and benefits which it did not have, specifically that it would not slide while a person was on it. MCL 445.903(1)(c)." (Compl. at ¶ 23).

It is undisputed that Plaintiff was provided a Rental Agreement with written Terms and Conditions when he rented the Ladder. (Def.'s Stmt. at ¶ 10; Pl.'s Stmt. at ¶ 10). Plaintiff signed both the Rental Agreement and an Inspection Tag for the Ladder. (Def.'s Stmt. at ¶ 2; Pl.'s Stmt. at ¶ 2). The Inspection Tag that Plaintiff signed stated, "By signing this I accept this equipment in its present condition." (Exs. 5 & 7 to Def.'s Motion).

The Rental Agreement that Plaintiff signed states as follows directly above Plaintiff's signature:

---

[1] The background is fully set forth in this Court's October 28, 2009 Opinion. Only the facts relevant to the instant motion are set forth herein.

> I understand and agree that no representative of THE HOME DEPOT is authorized to make any order or written promise, affirmation, warranty or representation to me other than those reflected in writing to this agreement. I acknowledge that I have received the above-listed Equipment and that *I agree to the terms and conditions printed on this page and on the other page(s) of this agreement.* I understand and agree that this agreement cannot be modified, amended, rescinded or otherwise changed except by a writing signed by THE HOME DEPOT and me, and that I have read and understand the provision regarding modification of the agreement.

(Ex. 3 to Def.'s Motion) (emphasis added). The Rental Agreement's Terms and Conditions state, in pertinent part, as follows:

> **1. NO TRANSFER OR WARRANTIES**. . . No warranties, expressed or implied, including, without limitation, durability, fitness for a particular purpose, merchantability, or condition have been made by Home Depot. I am renting the equipment "as is". Home Depot shall not be responsible for any loss, damage or injury to persons or property caused by the equipment. In no event shall Home Depot be liable to me for indirect, consequential or special damages, including lost use, revenue or profits.
>
> **2. INDEMNIFICATION**. I agree to Indemnify and hold Home Depot, its officers, agents and employees harmless from and against all liabilities, claims, actions, proceedings, damages, losses, costs and expenses, including attorneys' fees, for all injuries or death of any person, or damage to any property occurring or arising from or connected with, my possession, use and return of the Equipment.
>
> . . . .
>
> **6. CONDITION**. I acknowledge that I have examined the Equipment, seen it in operation (if appropriate) and that its condition is acceptable. . .

(Ex. 4 to Def.'s Br.) (Capitalization and bolding in original).

After discovery, Home Depot filed a Motion for Summary Judgment. In responding to Defendant's Motion for Summary Judgment, Plaintiff argued that the disclaimer of warranties in the Rental Agreement is not clear and conspicuous in violation of M.C.L. § 440.2316(1) and (2). Defendant responded that the conspicuity requirement in § 440.2314 only applies to contracts for

the sale of goods. In analyzing the parties' arguments, this Court assumed for the sake of argument that § 440.2314 applied and concluded that the disclaimer was conspicuous. (10/28/09 Opinion & Order at 8-10).

Thereafter, on November 12, 2009, Plaintiff filed this Motion for Reconsideration.

Standard of Decision:

Local Rule 7.1(g)(3) provides the following standard regarding motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

## ANALYSIS

In his Motion for Reconsideration, Plaintiff asserts that the Court erred in that it "did not take into account MCL 440.2953(3) when ruling that Home Depot was able in this lease of 'consumer goods' to disclaim, limit, or alter Plaintiff's right to 'consequential damages.'" (Pl.'s Motion at 1). M.C.L. § 440.2953(3) provides:

> (3) Consequential damages may be liquidated under section 2A504, or may otherwise be limited, altered, or excluded unless the limitation, alteration, or exclusion is unconscionable. *Limitation, alteration, or exclusion of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable* but limitation, alteration, or exclusion of damages where the loss is commercial is not prima facie unconscionable.

M.C.L. § 440.2953(3) (emphasis added). Plaintiff notes that the Rental Agreement's Terms and Conditions state that "In no event shall Home Depot be liable for indirect, consequential or

special damages" and asserts that "language is illegal in Michigan." (Pl.'s Motion at 3).

Plaintiff then broadly asserts that "[t]he language in the rental agreement which disclaims any warranties, purports to indemnify Home Depot or absolves Home Depot for defects in the ladder it provided is also unconscionable and unenforceable. All of these clauses limit, alter or exclude Plaintiff James Fish's consequential damages. Accordingly, all of the disclaimer, indemnification and/or release clauses in the rental agreement are prima facie unconscionable." Plaintiff cites to no authority to support these assertions.

In response to Plaintiff's motion, Defendant makes several points.

First, Defendant notes that Plaintiff's complaint made no reference to the Uniform Commercial Code, nor did it plead M.C.L. § 440.2314 as a theory of liability.

Second, Defendant notes that Plaintiff previously urged the Court, over Defendant's objection, to apply the conspicuity requirement of M.C.L. § 440.2316 even though this was a lease as opposed to a sales contract. Defendant notes that, in his Motion for Reconsideration, Plaintiff asserts *for the first time* that Article 2A of the Uniform Commercial Code applies to the lease agreement in this action. Defendant notes that M.C.L. § 440.2864 (the provision allowing for the disclaimer of warranties in lease agreements) is nearly identical to M.C.L. § 440.2316 (the provision allowing for the disclaimer of warranties in sales agreements.) M.C.L. § 440.2864, just like M.C.L. § 440.2316, permits warranties to be disclaimed in rental transaction if the disclaimer of an implied warranty of merchantability and implied warranty of fitness is in writing and conspicuous. Defendant contends that although Plaintiff's Motion for Reconsideration ignores M.C.L. § 440.2864, "the warranty disclaimer in the Rental Agreement is conspicuous under that provision for the same reasons this Court has already concluded the

disclaimer language to be conspicuous under MCL 440.2316 when it assumed *arguendo* that Article 2 applied."  (Def.'s Br. at 4).

Third, Defendant asserts that Plaintiff's reliance on M.C.L. § 440.2953(3) is simply misplaced:

> Plaintiff claims that MCL 440.2952(3) prohibits Home Depot from limiting, altering or excluding consequential damages for personal injury in the case of consumer goods.  What Plaintiff fails to recognize is that MCL 440.2953 is a statute which addresses damages, not remedies.  In this case, Home Depot disclaimed all express and implied warranties in the Rental Agreement which this Court found to be conspicuous.  Plaintiff has no remedy for breach of express or implied warranties under Article 2A, and therefore, no UCC damages.  If, for some reason, warranties had been extended to Plaintiff (which they were not), MCL 440.2953 provides that consequential damages for injury to the person in the case of consumer goods cannot be limited, altered or excluded. Here, no express or implied warranties were provided to Plaintiff so MCL 440.2953 is inapplicable to this case.  MCL 440.2864 does not prohibit the disclaimer of warranties in lease agreements in consumer goods.  Under Michigan law, contracting parties are free to limit remedies by agreement.  *St. Paul Fire & Marine Insurance Company v. Guardian Alarm Company of Michigan*, 115 Mich.App. 278 (1982).

(Def.'s Br. at 5).

For the reasons below, the Court concludes that Plaintiff's Motion for Reconsideration must be denied.

As Defendant notes, Plaintiff's complaint made no reference to the UCC (neither the article applicable to sales nor the article applicable to leases) and did not plead the UCC as a theory of liability.  Moreover, in responding to Defendant's Motion for Summary Judgment Plaintiff never raised M.C.L. § 440.2953.  Rather, Plaintiff cited and relied on M.C.L. § 440.2953 for the first time ever in his Motion for Reconsideration.  A motion for reconsideration, however, "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d

636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue"). Plaintiff has offered no explanation as to why he raised M.C.L. § 440.2953 for the first time in his Motion for Reconsideration.

In addition, even if the Court were to allow Plaintiff to raise this new argument, the Court does not believe that consideration of the newly raised provision would change the ultimate result in this case. The Rental Agreement's Terms and Conditions state, in pertinent part, as follows:

> **1. NO TRANSFER OR WARRANTIES**. . . No warranties, expressed or implied, including, without limitation, durability, fitness for a particular purpose, merchantability, or condition have been made by Home Depot. I am renting the equipment "as is". Home Depot shall not be responsible for any loss, damage or injury to persons or property caused by the equipment. *In no event shall Home Depot be liable to me for indirect, consequential or special damages, including lost use, revenue or profits.*
>
> **2. INDEMNIFICATION**. I agree to Indemnify and hold Home Depot, its officers, agents and employees harmless from and against all liabilities, claims, actions, proceedings, damages, losses, costs and expenses, including attorneys' fees, for all injuries or death of any person, or damage to any property occurring or arising from or connected with, my possession, use and return of the Equipment.
>
> . . . .
>
> **6. CONDITION**. I acknowledge that I have examined the Equipment, seen it in

operation (if appropriate) and that its condition is acceptable. . .

(Ex. 4 to Def.'s Br.) (Capitalization and bolding in original; italics for emphasis).  Thus, the Agreement does contain language that limits or excludes consequential damages (i.e., *"In no event shall Home Depot be liable to me for indirect, consequential or special damages, including lost use, revenue or profits."*).  Plaintiff claims *that language* is illegal under M.C.L. § 440.2953(3).  That language, however, was not the basis for the Court granting summary judgment in favor of Plaintiff.  In other words, even if the Court were to strike that language from the Agreement under M.C.L. § 440.2808(1), Defendant would still be entitled to summary judgment.

In his motion, Plaintiff broadly asserts that "all of the disclaimers of warranties, indemnification and absolution of liability clauses in the rental agreement for the ladder are prima facie unconscionable and should not be enforced."  (Pl.'s Motion at 4).  The only authority offered by Plaintiff is M.C.L. § 440.2953(3).  Plaintiff has not offered any authority (either statutory or case law) to support his assertion that Defendant's *warranty disclaimer*, or its *indemnification provision*, are unenforceable or prima facie unconscionable under the UCC.

In fact, the UCC article pertaining to leases, like the analogous provision in the article that pertains to sales contracts, expressly *allows* for the waiver of warranties if certain conditions are met.  M.C.L. § 440.2316 (sales) and § 440.2864 (leases).  As Defendant notes, M.C.L. § 440.2854 *does not* prohibit the disclaimer of warranties in lease agreements involving consumer goods.  Because § 440.2316 and § 440.2864 are nearly identical, the Court agrees with Defendant that Defendant's disclaimer was conspicuous, for the reasons set forth in the October 28, 2009 Opinion & Order.

In addition, Plaintiff's motion ignores that Defendant sought summary judgment on numerous grounds, some of which were entirely independent of the warranty disclaimer. For example, Count III of Plaintiff's complaint alleges that Home Depot violated Michigan's Consumer Protection Act, M.C.L. § 445.903(1)(c), by "representing the ladder which Plaintiff leased had characteristics and benefits which it did not have, specifically that it would not slide while a person was on it." (Compl. at 4). In seeking summary judgment as to this Count, Home Depot relied on its warranty waiver but also asserted that the claim lacked a *factual basis*. The Court agreed that the claim lacked a basis in fact, stating: "Plaintiff's claim that Home Depot violated the MCPA by representing that it would not slide is contrary to Plaintiff's own deposition testimony, wherein he testified that no such representations were made:

> Q.   Did anybody at Home Depot, when you were renting the ladder, make any kind of representations about the slipping characteristics of the ladder?
>
> A.   No.

(Pl.'s Dep. at 76)." (10/28/09 Opinion & Order at 12).

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  February 1, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2010, by electronic and/or ordinary mail.

                               S/Jennifer Hernandez
                               Case Manager